ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
KEITH M. STAUB (Cal. Bar No. 137909)
Assistant United States Attorney
      300 North Los Angeles Street
      Room 7516, Federal Building
      Los Angeles, California 90012
      Telephone: (213) 894-7423
      Facsimile: (213) 894-7819
      E-mail:    keith.staub@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMES JERRA,<br><br>          Plaintiff,<br><br>               v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | Case No. CV 12-1907 ODW (AGR)<br><br>Hon. Alicia G. Rosenberg |

**PROTECTIVE ORDER BASED**

**UPON THE STIPULATION OF THE PARTIES**

1      Pursuant to the provisions of Rule 26(c) of the Federal Rules of
2 Civil Procedure, the Court enters this Protective Order upon the
3 joint stipulation of the parties, filed herein, and it appearing to
4 the Court that such order should be issued, therefore,
5      IT IS HEREBY ORDERED THAT:
6      Defendants are permitted to produce 1) Plaintiff's medical and
7 psychiatric records; 2) portions of Plaintiff's Central File; 3)
8 Plaintiff's administrative remedies; 4) Position Descriptions; 5)
9 Plaintiff's SENTRY printouts; 6) Plaintiff's "Clearance and Separatee
10 Data" SENTRY printouts; 7) Disciplinary Hearing records; 8) Incident
11 Reports; 9) Memoranda by Defendant Magana dated December 16, 2008,
12 February 18, 2009, and February 23, 2009, 10) OIA Conclusion, 11)
13 memorandum from E. Gonzalez, 12) Tort Claim records, and 11) BOP
14 rosters (Hereinafter the aforementioned items are collectively
15 referred to as the "Protected Information").
16      The parties may at any time, by separate written stipulation,
17 add additional documents or materials to the defined "Protected
18 Information."
19      The Protected Information documents will be redacted prior to
20 disclosure to remove 1) the names of non parties referred to therein,
21 2) personal data identifiers contained therein (if any) such as
22 social security numbers, birth dates, FBI numbers, financial account
23 numbers, and home addresses, 3) photographs of BOP personnel, and 4)
24 financial data (if any) for parties and nonparties, such as wage and
25 property records.
26      The Protected Information shall be used by the parties, counsel,
27 experts, consultants and witnesses only for the purpose of this
28 litigation, and not for any other purpose whatsoever.

    The Protected Information, and/or contents thereof, shall be disclosed only to:

1. counsel of record for the parties;
2. plaintiff and defendants (who were not already in possession of such documents), provided that they shall agree to be bound by the terms of this Order and shall execute a confidentiality agreement in the form attached hereto as Exhibit A;
3. expert consultants/witnesses, who are retained or consulted by the parties for the purposes of providing testimony or performing other services relating to this action, provided that they shall agree to be bound by the terms of this Order and shall execute a confidentiality agreement in the form attached hereto as Exhibit A; or
4. non expert witnesses to this action, but only to the extent that disclosure is necessary to question a witness or prepare a witness to be questioned by another party; provided that they shall agree to be bound by the terms of this Order and shall execute a confidentiality agreement in the form attached hereto as Exhibit A.  Said non expert witnesses shall be permitted to review the Protected Information in the presence of counsel, but shall not be given a copy thereof to retain.

    All documents, pleadings, or transcripts of deposition testimony filed in this litigation, including any appeal, that contain, or disclose the contents of the Protected Information shall be submitted under seal pursuant to Local Rule 79 5 governing confidential court records.

    At the conclusion of this litigation, including any appeal taken therefrom, all originals or reproductions of the Protected

1 Information shall be returned to defendants' counsel within 30 days
2 of the termination of the action, including copies provided to expert
3 consultants/witnesses.
4     This shall not include documents (1) that have been filed with
5 the Court or (2) that contain notations of counsel or
6 experts/consultants, in which case they are to be destroyed by
7 plaintiff and plaintiff's counsel within 30 days of the termination
8 of the action.
9     Upon completion of this action, including any appeal taken
10 therefrom, plaintiff and/or plaintiff's counsel shall certify to this
11 Court that they have irretrievably destroyed all documents which are
12 the subject of this Stipulated Protective Order.  They shall further
13 certify that they have destroyed all copies and/or duplicates, as
14 defined by Rule 1001(4) of the Federal Rules of Evidence, that they
15 have made of such documents.
16     This Stipulated Protective Order is not intended to compromise
17 the rights of any party to object to discovery pursuant to the
18 Federal Rules of Civil Procedure or any other governing authority nor
19 is it intended to alter any burden of proof regarding any assertion
20 of privilege in this matter. This Stipulated Protective Order permits
21 defendants to produce the Protected Information, but does not
22 constitute an order requiring production.
23 Nothing in this Stipulated Protective Order shall prohibit a party
24 from seeking further protection of the Protected Information by
25 stipulation among the parties, approved by the Court, or by
26 application to the Court directly.
27     Nothing in this Stipulated Protective Order constitutes a waiver
28 of any party's right to seek a Court Order permitting the future use

and/or production of unredacted copies of the Protected Information. Nothing in this Stipulated Protective Order constitutes a waiver of defendants' right to use, disclose or disseminate the Protected Information in accordance with the provisions of the Privacy Act, any applicable statutory/regulatory provisions, or BOP policies.

Neither the United States Department of Justice, including the BOP and the United States Attorney's Office, nor any of its officers, agents employees, or attorneys, shall bear any responsibility or liability for any disclosure of any documents obtained by the parties under this Stipulation for a Protective Order, or of any information contained in such documents.

This Stipulated Protective Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable or admissible and does not constitute any ruling on any potential objection. Other than explicitly set forth herein this Stipulated Protective Order does not apply to any information or documents subject to a claim of privilege or other basis of exclusion, and this Stipulated Protective Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information.

6. The Court shall retain jurisdiction to enforce the terms of this Protective Order.

DATED: February 26, 2014

*alicia G. Rosenberg*

HON. ALICIA G. ROSENBERG