

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JAMES M. JERRA,<br><br>             Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>             Defendants. | CASE NO. CV 12-01907 ODW (AGRx)<br><br>**VERDICT FORM** |

# FIRST AMENDMENT RETALIATION CLAIM
# UNIT MANAGER CHARLES GRIGG

After considering the evidence presented at trial and the instructions provided by the Court, we the jury in the above-entitled action unanimously find as follows with respect to Plaintiff's First Amendment claim against Unit Manager Charles Grigg:

1. Did Plaintiff establish by a preponderance of the evidence that Unit Manager Grigg took an adverse action against him by keeping Plaintiff in the Special Housing Unit ten days past his mandatory sanction time in December 2008?

   YES: ____        NO: ✓

If you answer yes to Question 1, then proceed to Question 2. If you answered no, proceed to Question 5.

2. Did Plaintiff establish by the preponderance of the evidence that Plaintiff's protected speech was a substantial or motivating factor for Unit Manager Grigg's action?

   YES: ____        NO: ✓

If your answer to Question 2 is yes, then proceed to Question 3. If you answered no, proceed to Question 5.

1

3. Did Plaintiff establish by a preponderance of the evidence that Unit Manager Grigg's actions did not reasonably advance a legitimate correctional goal?

YES:_____                    NO:__✓__

If your answer to Question 3 is yes, then proceed to Question 4. If you answered no, proceed to Question 5.

4. If you answered "yes" to questions 1–3 above, enter the amount of compensatory damages or nominal damages from Unit Manager Grigg that you award to Plaintiff regarding Plaintiff's First Amendment Claim and then proceed to Question 5.

Amount: $_____

# FIRST AMENDMENT RETALIATION CLAIM
# OFFICER EDWIN NAVATO

After considering the evidence presented at trial and the instructions provided by the Court, we the jury in the above-entitled action unanimously find as follows with respect to Plaintiff's First Amendment claim against Officer Edwin Navato:

5. Did Plaintiff establish by a preponderance of the evidence that Officer Navato took adverse actions against Plaintiff by (1) warning Plaintiff that he would stay in the SHU longer if he continued to file grievances against Counselor Magana or other BOP staff; (2) roughing up Plaintiff in response to his request for Officer Navato's name; and/or (3) confiscating Plaintiff's administrative remedies and personal property in retaliation for past filings and so that Plaintiff could not file the remedies?

YES: ✓          NO: ____

If you answer yes to Question 5, then proceed to Question 6. If you answered no, proceed to Question 9.

6. Did Plaintiff establish by a preponderance of the evidence that Plaintiff's protected speech was a substantial or motivating factor for Officer Navato's action?

YES: ✓          NO: ____

If your answer to Question 6 is yes, then proceed to Question 7. If you answered no, proceed to Question 9.

3

7. Did Plaintiff establish by a preponderance of the evidence that Officer Navato's actions did not reasonably advance a legitimate correctional goal?

YES: ✓                   NO: ___

If your answer to Question 7 is yes, then proceed to Question 8. If you answered no, proceed to Question 9.

8. If you answered yes to 5–7 above, enter the amount of compensatory damages or nominal damages from Officer Navato that you award to Plaintiff regarding Plaintiff's First Amendment Claim and then proceed to Question 9.

Amount: $10,000

4

# FIRST AMENDMENT RETALIATION CLAIM
# COUNSELOR BALTAZAR MAGANA

After considering the evidence presented at trial and the instructions provided by the Court, we the jury in the above-entitled action unanimously find as follows with respect to Plaintiff's First Amendment claim against Counselor Baltazar Magana:

9. Did Plaintiff establish by the preponderance of the evidence that Counselor Magana took adverse action against him by writing up Plaintiff for three violations of prison policy on October 31, 2008, and/or by using force against Plaintiff in the law library on February 18, 2009?

YES: ✓    NO: ____

If you answer yes to Question 9, then proceed to Question 10. If you answered no, proceed to Question 13.

10. Did Plaintiff establish by the preponderance of the evidence that Plaintiff's protected speech was a substantial or motivating factor for Counselor Magana's action?

YES: ✓    NO: ____

If your answer to Question 10 is yes, then proceed to Question 11. If you answered no, proceed to Question 13.

11. Did Plaintiff establish by the preponderance of the evidence that Counselor Magana's actions did not reasonably advance a legitimate correctional goal?

YES: ✓          NO: ____

If your answer to Question 11 is yes, then proceed to Question 12. If you answered no, proceed to Question 13.

12. If you answered yes to 9–11 above, enter the amount of compensatory damages or nominal damages from Counselor Magana that you award to Plaintiff regarding Plaintiff's First Amendment Claim and then proceed to Question 13.

Amount: $20,000

## EIGHTH AMENDMENT EXCESSIVE FORCE CLAIM AGAINST COUNSELOR BALTAZAR MAGANA

After considering the evidence presented at trial and the instructions provided by the Court, we the jury in the above-entitled action unanimously find as follows with respect to Plaintiff's Eighth Amendment claim against Counselor Baltazar Magana:

13. Did Plaintiff establish by the preponderance of the evidence that Counselor Magana used excessive and unnecessary force under all of the circumstances on February 18, 2009?

YES: ✓    NO: ___

If your answer to Question 13 is yes, please proceed to Question 14. If you answered no, please have the foreperson sign and date the Special Verdict Form and inform the Court Security Officer that you have completed your deliberations in this case and reached a unanimous verdict on all of the claims.

14. Did Plaintiff establish by the preponderance of the evidence that Counselor Magana acted maliciously and sadistically for the purpose of causing harm, and not in a good faith effort to maintain or restore discipline, on February 18, 2009?

YES: ✓    NO: ___

If you answer yes to Question 14, please proceed to Question 15. If you answered no, please have the foreperson sign and date the Special Verdict Form and inform the Court Security Officer that you have completed your deliberations in this case and reached a unanimous verdict on all of the claims.

7

15. Did Plaintiff establish by the preponderance of the evidence that the physical force used by Counselor Magana caused the injuries that Plaintiff alleges?

YES: ✓   NO: ____

If you answer yes to Question 15, please proceed to Question 16. If you answered no, please have the foreperson sign and date the Special Verdict Form and inform the Court Security Officer that you have completed your deliberations in this case and reached a unanimous verdict on all of the claims.

16. If you answered yes to 13–15 above, enter the amount of compensatory damages or nominal damages from Counselor Magana that you award to Plaintiff regarding Plaintiff's Eighth Amendment Claim and then proceed to Question 17.

Amount: $ 470,000

17. Do you find that Plaintiff has proven by clear and convincing evidence that Counselor Magana's conduct was malicious, oppressive, or in reckless disregard of Plaintiff's constitutional rights?

YES: ✓   NO: ____

18. If you answered yes to 17 above, enter the amount of punitive damages from Counselor Magana that you award to Plaintiff regarding Plaintiff's Eighth Amendment Claim.

Amount: $ 175,000

Please have the foreperson sign and date the Special Verdict Form and inform the Court Security Officer that you have completed your deliberations in this case and reached a unanimous verdict on all of the claims.

REDACTED AS TO SIGNATURE

Date: 4-12-2017

Jury Foreperson