NICOLA T. HANNA, SBN 130694
 nhanna@gibsondunn.com
DANIELLE SERBIN, SBN 294369
 dserbin@gibsondunn.com
JARED GREENBERG, SBN 300400
 jgreenberg@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

PRIYAH KAUL, SBN 307956
 pkaul@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Plaintiff JAMES M. JERRA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMES M. JERRA,<br><br>             Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>             Defendants. | CASE NO. CV 12-01907 ODW (AGRx)<br><br>**PLAINTIFF'S MOTION TO WITHDRAW OR VOLUNTARILY DISMISS FTCA CLAIMS WITHOUT PREJUDICE AND ENTER JUDGMENT ON THE *BIVENS* JURY VERDICT**<br><br>**Hearing:**<br>Date:    August 28, 2017<br>Time:    1:30 pm<br>Place:   Courtroom 5D – 5th Floor<br>          350 W. 1st Street<br>          Los Angeles, CA 90012<br>Judge:   Hon. Otis D. Wright, II |

Gibson, Dunn &
Crutcher LLP

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on August 28, 2017, at 1:30 p.m. in Courtroom 5D of the United States Courthouse, 350 West First Street, Los Angeles, California, Plaintiff James M. Jerra will move the Court to: (1) dispose of Mr. Jerra's Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, *et seq.* claims by either (a) permitting him to withdraw the FTCA claims from the Second Amended Complaint (Dkt. No. 138), pursuant to Federal Rule of Civil Procedure 15, or (b) dismissing the those claims without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2); and (2) enter judgment on the jury's *Bivens* verdict (*see* Dkt. No. 284), pursuant to Federal Rule of Civil Procedure 58(b).

Pursuant to Local Rule 7-3, counsel for Plaintiff conferred with counsel for Defendant United States from May 30, 2017 to June 5, 2017, via telephone and email correspondence. (*See* Dkt. 290 ¶¶ 3–8 & Ex. A). Defendant does not consent to the relief requested in this motion. (*See id.* ¶ 8.)

This motion is based on the attached Memorandum of Points and Authorities, all pleadings and papers on file in this action, and such other evidence and argument as may be presented at the hearing on this motion.

Dated: July 24, 2017

NICOLA T. HANNA
DANIELLE SERBIN
JARED GREENBERG
PRIYAH KAUL
GIBSON, DUNN & CRUTCHER LLP

By: */s/ Danielle Serbin*
       Danielle Serbin

Attorneys for Plaintiff JAMES M. JERRA

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................1

II. BACKGROUND .................................................................................................2

III. ARGUMENT .......................................................................................................3

    A. Withdrawal Or Dismissal Without Prejudice Of The FTCA Claims Is Appropriate..................................................................................3

        1. Applicable Law. ..............................................................................3

        2. Mr. Jerra Elects To Withdraw Or Dismiss His FTCA Claims Without Prejudice. ..................................................................6

    B. The United States Cannot Demonstrate Legal Prejudice........................8

    C. The Court Should Enter Final Judgment On The *Bivens* Verdict............10

IV. CONCLUSION ..................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arevalo v. Woods*,
   811 F.2d 487 (9th Cir. 1987) .................................................................................. 4

*Bivens v. Six Unknown Agents*,
   403 U.S. 388 (1971) ................................................................................................ 1

*Carlson v. Green*,
   446 U.S. 14 (1980) .......................................................................................... 1, 4, 7

*Consol. Data Terminals v. Applied Digital Data Sys., Inc.*,
   708 F.2d 385 (9th Cir. 1983) .................................................................................. 6

*Engle v. Mecke*,
   24 F.3d 133 (10th Cir. 1994) .................................................................................. 4

*Hells Canyon Pres. Council v. U.S. Forest Serv.*,
   403 F.3d 683 (9th Cir. 2005) ............................................................................... 5, 6

*Humphreys v. United States*,
   272 F.2d 411 (9th Cir. 1959) .................................................................................. 9

*Lehman v. United States*,
   154 F.3d 1010 (9th Cir. 1998) ................................................................................ 9

*Lopez-Valenzuela v. Maricopa Cty.*,
   No. CV 08-660-PHX-SRB, 2011 WL 13141501 (D. Ariz. May 13, 2011) ........................................................................................................... 6, 8

*Manning v. United States*,
   546 F.3d 430 (7th Cir. 2008) .................................................................................. 5

*Maxwell v. Dodd*,
   No. 08-11326, 2009 WL 3805597 (E.D. Mich. Nov. 12, 2009) ................... 4, 5, 7, 8

*Mechmetals Corp. v. Telex Computer Prod., Inc.*,
   709 F.2d 1287 (9th Cir. 1983) ............................................................................. 6, 8

*Ortiz v. Pearson*,
   88 F. Supp. 2d 151 (S.D.N.Y. 2000) ...................................................................... 5

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Santa Rosa Mem'l Hosp. v. Kent*,
  No. 15-16650, 2017 WL 1488263 (9th Cir. Apr. 26, 2017) ................................. 9, 10

*Smith v. Lenches*,
  263 F.3d 972 (9th Cir. 2001) ........................................................................ 6, 8, 9

*Ting v. United States*,
  927 F.2d 1504 (9th Cir. 1991) ...................................................................... 1, 3, 4

*United States v. Gila Valley Irrigation Dist.*,
  859 F.3d 789 (9th Cir. 2017) ................................................................................ 6

*Van Beek v. Robinson*,
  No. 11-10514, 2013 WL 2446121 (E.D. Mich. June 5, 2013) ....................... 5, 6, 7, 8

*Westlands Water Dist. v. United States*,
  100 F.3d 94 (9th Cir. 1996) ......................................................................... 6, 8, 9

**Statutes**

28 U.S.C. § 2401(b) .................................................................................................. 9

28 U.S.C. § 2402 ...................................................................................................... 9

28 U.S.C. § 2676 ............................................................................................... 1, 4, 5

**Rules**

Fed. R. Civ. P. 15 ............................................................................................*passim*

Fed. R. Civ. P. 41(a)(2) ...................................................................................*passim*

Fed. R. Civ. P. 54(b) ............................................................................................... 11

Fed. R. Civ. P. 58(b) ............................................................................................... 10

L.R. 58-1 ................................................................................................................ 10

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

On April 12, 2017, a jury found that Defendants Baltazar Magana and Edwin Navato violated Plaintiff James M. Jerra's Eighth Amendment and First Amendment rights. Plaintiff brought these constitutional claims pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). Mr. Jerra's claims for assault and battery and negligence under the Federal Tort Claims Act ("FTCA") were tried contemporaneously, but the Court has not issued any findings of fact or conclusions of law on those claims.

In this Motion, Plaintiff seeks to pursue his *Bivens* claims to final judgment, and to withdraw the remaining FTCA claims. Importantly, Mr. Jerra has the right of "election of remedies"—that is, he could plead and pursue both *Bivens* and FTCA claims throughout the course of this litigation, and has the right to elect which claim to pursue any time before final judgment. *See Carlson v. Green*, 446 U.S. 14, 20 (1980) (*Bivens* and FTCA remedies are "parallel, complementary causes of action."); *Ting v. United States*, 927 F.2d 1504, 1513, n.10 (9th Cir. 1991) ("The FTCA . . . imposes an election of remedies."). Plaintiff has elected not to pursue his FTCA claims to final judgment because some courts have held that the FTCA's "judgment bar," 28 U.S.C. § 2676, nullifies a *Bivens* judgment. Plaintiff does not concede that the judgment bar would apply here, but seeks withdrawal or dismissal without prejudice in the interests of achieving a final resolution of this case, and to safeguard the jury's *Bivens* verdict.

This Court has the authority to dispose of Plaintiff's FTCA claims under either Federal Rule of Civil Procedure 15 (which would permit Plaintiff to amend his Second Amended Complaint to withdraw the FTCA claims), or Rule 41(a)(2) (which would result in the dismissal of the FTCA claims, without prejudice).[1] The standard is the

---

[1] For reasons explained *infra*, note 6, Plaintiff *does not* move for dismissal of the FTCA claims *with* prejudice. Plaintiff moves only for an order (a) permitting him to withdraw the FTCA claims from the Second Amended Complaint (Dkt. No. 138), pursuant to Federal Rule of Civil Procedure 15; or (b) dismissing the FTCA claims *without* prejudice. If the Court determines that withdrawal or dismissal without prejudice is not appropriate, Plaintiff respectfully requests that the Court set

same under both rules: disposal of the FTCA claims is appropriate unless the defendant can demonstrate that it will suffer some "plain legal prejudice" as a result. Defendant cannot do so here.

Accordingly, Mr. Jerra respectfully requests that this Court (1) dispose of Mr. Jerra's FTCA claims by either (a) permitting him to withdraw the FTCA claims from the Second Amended Complaint (Dkt. No. 138), pursuant to Federal Rule of Civil Procedure 15, or (b) dismissing those claims without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2); and (2) enter judgment on the jury's *Bivens* verdict (*see* Dkt. No. 284), pursuant to Federal Rule of Civil Procedure 58(b).

## II.     BACKGROUND

On March 6, 2012, Mr. Jerra, a former inmate at Federal Correctional Complex Lompoc ("FCC Lompoc"), filed suit against several Bureau of Prisons ("BOP") officers and the United States of America for various constitutional and tort violations. (Dkt. No. 1-1.) Mr. Jerra brought *Bivens* claims against several BOP Officers. In relevant part, he alleged that Defendant Baltazar Magana was liable for excessive force and retaliation and Defendants Edwin Navato, Jorge Garcia, and Charles Grigg were liable for retaliation. (*See* Second Amended Complaint, Dkt. 138 at 32–36.)[2] Mr. Jerra's *Bivens* claims arose out of a series of retaliatory actions committed by Defendants during Mr. Jerra's incarceration at FCC Lompoc, culminating in Defendant Magana assaulting Mr. Jerra in the FCC Lompoc prison law library on the evening of February 18, 2009. (*Id.*)

Mr. Jerra also brought FTCA claims against the United States for (a) assault and battery and (b) negligent denial of medical care. (Dkt. No. 138 at 32–38.) Mr. Jerra's claim for assault and battery involves similar facts as those at issue in the *Bivens*

---

a briefing schedule for the submission of proposed findings of fact and conclusions of law regarding the FTCA claims.

[2] Mr. Jerra also brought constitutional claims against several other BOP officers. Those claims were dismissed (either by Court order or on a voluntary basis) before trial. (*See* Dkt. Nos. 202, 221).

Gibson, Dunn & Crutcher LLP

2

excessive force claim. (*Id.* at 21–22, 37.) Mr. Jerra's negligence claim arises out of the failure of several BOP officers to provide Mr. Jerra with medical treatment for his injuries resulting from Defendant Magana's assault. (*Id.* at 22–27, 37–38.)

Over the course of a five day trial in April 2017, Mr. Jerra's *Bivens* claims were tried before a jury, and the FTCA claims were tried (simultaneously) before this Court. On April 12, 2017, the jury entered a verdict against Defendants Magana and Navato with respect to the *Bivens* claims. (Dkt. No. 284.) The jury found that Defendants Magana and Navato were liable for $500,000 in compensatory damages due to violations of Mr. Jerra's First Amendment and Eighth Amendment rights. (*Id.*) The jury also assessed $175,000.00 in punitive damages against Defendant Magana.[3] (*Id.*) This Court has not yet entered judgment with respect to the jury's *Bivens* verdict.

On May 2, 2017, this Court ordered Mr. Jerra to submit Proposed Findings of Fact and Conclusions of Law with respect to the FTCA claims. (Dkt. No. 288.) However, pursuant to Mr. Jerra's right to elect to pursue either his *Bivens* verdict or his FTCA claims to final judgment, Mr. Jerra has chosen to pursue only his *Bivens* verdict. Accordingly, on June 7, 2017, this Court set a briefing schedule for the present motion and vacated the deadline for the submission on the FTCA claims. (Dkt. No. 294.)

### III. ARGUMENT

**A. Withdrawal Or Dismissal Without Prejudice Of The FTCA Claims Is Appropriate.**

**1. Applicable Law.**

To understand why Mr. Jerra is permitted to withdraw his FTCA claims, or dismiss those claims without prejudice, some background concerning two legal concepts is instructive: (1) election of remedies; and (2) the judgment bar.

First, the doctrine of "election of remedies" gives plaintiffs the right to pursue any remedy available to them under law. *Ting v. United States*, 927 F.2d 1504, 1513,

---

[3] Pursuant to the parties' agreement, this amount will be reduced to $5,000 upon entry of judgment.

n.10 (9th Cir. 1991) ("The FTCA . . . imposes an election of remedies. While a plaintiff may maintain both a FTCA and a Bivens action, he may not receive double recovery.") (citing 28 U.S.C. § 2676). Pursuant to this doctrine, therefore, Mr. Jerra was entitled to bring parallel *Bivens* and FTCA claims in this action, and to prosecute both types of claims throughout the course of this litigation—as he did. *See Carlson v. Green*, 446 U.S. 14, 20 (1980) (*Bivens* and FTCA remedies are "parallel, complementary causes of action."). The "election of remedies" doctrine also gives plaintiffs the choice *not* to pursue certain claims to judgment. *Accord Ting*, 927 F.2d at 1513, n.10. Thus, when a plaintiff chooses to bring both FTCA and *Bivens* claims, the plaintiff may elect to proceed with only the *Bivens* claim any time before the entry of judgment on the FTCA claim. *See Maxwell v. Dodd*, No. 08-11326, 2009 WL 3805597, at *4 (E.D. Mich. Nov. 12, 2009) ("[T]he courts have consistently acknowledged that plaintiffs may bring both [*Bivens* and FTCA] causes of action and later make the strategic decision regarding which claims to pursue to judgment."); *see also Engle v. Mecke*, 24 F.3d 133, 134 (10th Cir. 1994) (noting that after the plaintiff had obtained a jury award on his *Bivens* claims, he made a strategic decision and "*elected* to proceed against the federal government" on his FTCA claim.) (emphasis added).

Second, the FTCA's "judgment bar" provision, 28 U.S.C. § 2676, states that a judgment in an FTCA action "constitute[s] a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." Certain courts have interpreted this provision to mean that while plaintiffs are permitted to <u>bring</u> both *Bivens* and FTCA claims, any final <u>*judgment*</u> on the FTCA claims bars the plaintiff from recovering on his *Bivens* claims.[4] *See, e.g., Ting*, 927 F.2d at 1513 n.10; *see also Arevalo v. Woods*, 811 F.2d 487, 490 (9th Cir. 1987) (holding that even if plaintiff

---

[4] By filing this motion, Plaintiff does not waive any argument regarding the applicability of the judgment bar.

preferred to recover on a *Bivens* claim, "the moment judgment was entered against the government, then by virtue of [the judgment bar], [the government employee] was no longer answerable to [plaintiff] for damages.").

Therefore, in order to avoid implicating the judgment bar, when a plaintiff brings parallel *Bivens* and FTCA claims, he may elect to pursue judgment on his *Bivens* claims and dispose of the FTCA claims any time before final judgement. *See Van Beek v. Robinson*, No. 11-10514, 2013 WL 2446121, at *4 (E.D. Mich. June 5, 2013) (granting the plaintiff's motion to dismiss his FTCA claim without prejudice under Rule 41(a)(2)); *Ortiz v. Pearson*, 88 F. Supp. 2d 151, 167 (S.D.N.Y. 2000) ("If the jury was permitted to first deliver its verdict on the *Bivens* claim, and plaintiff was successful, plaintiff [may] then choose to dismiss the FTCA claim, thereby eliminating the need for a decision by the Court."); *Manning v. United States*, 546 F.3d 430, 435 (7th Cir. 2008) ("We do not think it unreasonable to require a plaintiff that moved for judgment on a successful *Bivens* claim to decide whether or not it makes sense *to voluntarily withdraw* a contemporaneous FTCA claim") (emphasis added); *Maxwell*, 2009 WL 3805597, at *4 ("[E]ntry of 'judgment' on claims that plaintiffs chose not to pursue would effectively nullify plaintiffs' ability to choose between FTCA and *Bivens* claims. . . . [T]he courts have consistently acknowledged that plaintiffs may bring both causes of action and later make the strategic decision regarding which claims to pursue to judgment. . . . In this case, plaintiffs did just that, thereby avoiding the judgment bar of 28 U.S.C. § 2676.").

The appropriate way to effectuate the plaintiff's election is to amend the complaint to withdraw the FTCA claims, under Federal Rule of Civil Procedure 15, or to seek dismissal of the remaining FTCA claims, under Rule 41(a)(2).[5] Under either

---

[5] The Ninth Circuit has held that Rule 15 is the appropriate mechanism for amending a complaint to withdraw only certain claims (as opposed to dismissing the entire case, which is governed by Rule 41). *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 688 (9th Cir. 2005) ("[W]hat the district court should have done, and what we believe it did do, was treat [the] withdrawal of [plaintiff's]

Gibson, Dunn & Crutcher LLP

5

rule, a plaintiff may seek withdrawal or dismissal of claims at any time prior to the entry of final judgment as long as disposing of the FTCA claims would not legally prejudice the defendant. *See United States v. Gila Valley Irrigation Dist.*, 859 F.3d 789, 804 (9th Cir. 2017) ("'Federal Rule of Civil Procedure 15(b) embodies a liberal policy in favor of allowing pleading amendments at any time,'" including "'after trial.'") (quoting *Consol. Data Terminals v. Applied Digital Data Sys., Inc.*, 708 F.2d 385, 396 (9th Cir. 1983); *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) (noting that Rule 41(a)(2) "allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time"); *see also Lopez-Valenzuela v. Maricopa Cty.*, No. CV 08-660-PHX-SRB, 2011 WL 13141501, at *2 (D. Ariz. May 13, 2011) (amending the complaint is appropriate unless the defendant demonstrates that it would suffer plain legal prejudice as a result of the amendment); *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (dismissal without prejudice is appropriate unless the defendant can demonstrate plain legal prejudice).

### 2. Mr. Jerra Elects To Withdraw Or Dismiss His FTCA Claims Without Prejudice.

Not only does Mr. Jerra have the right to elect to proceed only with his *Bivens* claims, but courts have noted that this is the most appropriate course of action in order

---

Wilderness Act claim as a motion to amend its complaint under Rule 15(a)."). However, district courts have also dismissed FTCA claims brought alongside parallel *Bivens* claims under Federal Rule of Civil Procedure 41(a)(2). *See Van Beek*, No. 11-10514, 2013 WL 2446121, at *3–4 (dismissing FTCA claims without prejudice under Rule 41(a)(2)). The standard for an opposed motion to amend the complaint after trial pursuant to Rule 15 is the same as the standard for an opposed motion to voluntarily dismiss claims without prejudice under Rule 41; the distinction between the two rules is a "technical, not substantive distinction." *Hells Canyon*, 403 F.3d at 690. Accordingly, withdrawal of the FTCA claims under Rule 15, or dismissal without prejudice pursuant to Rule 41(a)(2), achieves the same result. *See Mechmetals Corp. v. Telex Computer Prod., Inc.*, 709 F.2d 1287, 1294 (9th Cir. 1983) ("[I]t is immaterial whether [the] court acts pursuant to Rule 15(a) or Rule 41(a)(2);" a "post-trial amendment . . . that results in a dismissal without prejudice of some issues but not the entire action" logically should be treated the same way as a dismissal under Rule 41(a)(2).) (citations omitted).

to avoid any potential application of the judgment bar. *Van Beek v. Robinson*, 2013 WL 2446121 (E.D. Mich. June 5, 2013) is particularly instructive here. In *Van Beek*, the plaintiff brought *Bivens* claims against U.S. Customs and Border Protection officers and FTCA claims against the United States, alleging that the officers unlawfully detained her and conducted an invasive illegal strip search. *See id.* at *1. The court scheduled a bifurcated jury trial on the *Bivens* claims and bench trial on the FTCA claims. *Id.* Five days before trial, the plaintiff moved, pursuant to Rule 41, to dismiss her FTCA claims without prejudice. *See id.*

The *Van Beek* court acknowledged that the motion to dismiss the FTCA claim was to avoid implication of the FTCA's judgment bar. 2013 WL 2446121, at *1, *3. The court recognized that the judgment bar "imposes an election of remedies," *id.* at *3 (internal quotation marks omitted), and found that the plaintiff's motion to dismiss the FTCA claims without prejudice, pursuant to Rule 41, was the proper procedure to make such an election:

> Plaintiff has now clearly made that "election" by filing the instant Motion, which, importantly, is brought prior to pursuing her FTCA claims to a final judgment. To foreclose Plaintiff from making this election would surely contravene Congress' intention to allow a plaintiff to pursue *Bivens* claims against the individual agents and FTCA claims against the United States in the same case.

*Id.* (citing *Carlson*, 446 U.S. at 20).[6]

---

[6] The *Van Beek* court also recognized the importance of dismissal *without* prejudice, as opposed to dismissal *with* prejudice, given that "some courts have considered a dismissal of FTCA claims with prejudice to constitute a final judgment, thus invoking application of the FTCA's judgment bar." 2013 WL 2446121, at *4. The court observed that if it "dismisse[d plaintiff's] FTCA claims with prejudice, such action could result in application of the judgment bar and could thereby preclude Plaintiff from further litigating her *Bivens* claim," and noted that this would "*produce an absurd result*." *Id.* (emphasis added). The court accordingly "agree[d] with Plaintiff" and dismissed the FTCA claims without prejudice. *Id.*; *see also Maxwell*, 2009 WL 3805597, at *3–4 (rejecting the government's request to convert a prior dismissal of FTCA claims from a dismissal *without* prejudice to a dismissal *with* prejudice because "entry of 'judgment' on claims that Plaintiffs chose not to pursue would effectively nullify Plaintiffs' ability to choose between FTCA and *Bivens* claims").

Gibson, Dunn & Crutcher LLP

7

1    Like the plaintiff in *Van Beek*, Mr. Jerra now chooses to exercise his right to
2  elect his remedy in this case: he chooses to proceed with entering a judgment on the
3  *Bivens* claims against Defendants Magana and Navato, and to withdraw or dismiss
4  without prejudice his FTCA claims against the United States. Indeed, withdrawal or
5  dismissal without prejudice is particularly appropriate here, where Mr. Jerra has
6  successfully tried his *Bivens* claims to a jury. Forcing Mr. Jerra to pursue his FTCA
7  claims and risk the judgment bar negating the jury's verdict would run afoul of the
8  principle of election of remedies—that a plaintiff "may bring both [*Bivens* and FTCA]
9  causes of action and *later* make the strategic decision regarding which claims to pursue
10 to judgment." *Maxwell*, 2009 WL 3805597, at *4 (emphasis added). And, it would
11 certainly "produce an absurd result"—not to mention an unjust one—were Mr. Jerra
12 forced to forego the jury's verdict. *Accord Van Beek*, 2013 WL 2446121, at *4.

13 **B.    The United States Cannot Demonstrate Legal Prejudice.**

14    Withdrawal or dismissal without prejudice is appropriate so long as "the
15 defendant will [not] suffer [] plain legal prejudice as a result of the dismissal."
16 *Westlands Water Dist.*, 100 F.3d at 96; *see also Smith*, 263 F.3d at 975 ("A district
17 court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a
18 defendant can show that it will suffer some plain legal prejudice as a result."); *Lopez-*
19 *Valenzuela*, 2011 WL 13141501, at *2 (granting motion to dismiss claim under Rule
20 15 because "Defendants have not shown that they will experience plain legal prejudice
21 if the Court grants Plaintiffs' Motion") (*citing Mechmetals*, 709 F.2d at 1294). The
22 burden lies with the *defendant* to demonstrate that it will suffer plain legal prejudice as
23 a result of the dismissal without prejudice. *See Smith*, 263 F.3d at 975.

24    The government cannot demonstrate that it will suffer "plain legal prejudice" if
25 the Court grants this motion. Legal prejudice means "prejudice to some legal interest,
26 some legal claim, some legal argument." *Smith*, 263 F.3d at 976 (internal quotation
27 marks omitted). "Plain legal prejudice *does not* result merely because a dispute
28 remains unresolved, there is a threat of future litigation, the defendant will be

Gibson, Dunn & Crutcher LLP

inconvenienced by having to defend in another forum, or the plaintiff would gain a tactical advantage by [] dismissal." *Santa Rosa Mem'l Hosp. v. Kent*, No. 15-16650, 2017 WL 1488263, at *1 (9th Cir. Apr. 26, 2017) (citing *Smith*, 263 F.3d at 976) (emphasis added). Rather, courts have found legal prejudice when dismissal "would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Westlands Water Dist.*, 100 F.3d at 97.

Withdrawal or dismissal of Mr. Jerra's FTCA claims poses no risk of any legal prejudice. Doing so would not remove this case from its federal forum. It would not deprive Defendant of a right to a jury trial, because there exists *no right* to a jury trial under the FTCA. *See* 28 U.S.C. § 2402. Moreover, the statute of limitations on the FTCA claims, which has expired here,[7] did not toll while Mr. Jerra litigated those claims before this Court. *See Humphreys v. United States*, 272 F.2d 411, 412 n.1 (9th Cir. 1959) (noting in the FTCA context that "[i]n the absence of statute, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice as to him.") (internal quotation marks omitted); *Lehman v. United States*, 154 F.3d 1010, 1015 (9th Cir. 1998) (granting dismissal of plaintiff's second FTCA suit based on government's statute of limitations defense where plaintiff had voluntarily dismissed first suit and filed second suit after initial limitations period had expired). Thus, disposing of the FTCA claims would not preclude the government from asserting a statute of limitations defense in any future related litigation.

---

[7] The statute of limitations on Mr. Jerra's tort claims expired on March 7, 2012, six months after the agency denied his administrative tort claim. 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."). (*See* Report & Recommendation on Motion to Dismiss, Dkt. No. 49 at 15) ("On February 14, 2011, Plaintiff filed a claim with the BOP . . . The BOP denied the claim on September 7, 2011.").)

Nor will the government lose any other legal defense if the Court grants Plaintiff's motion. The impact of this motion is simple: The FTCA claims will be withdrawn from the complaint or dismissed without prejudice, and judgment will be entered on the jury's *Bivens* verdict. Defendant United States will lose nothing, except its exposure to liability for the FTCA claims.

Moreover, the government cannot argue that successive or duplicative lawsuits would constitute prejudice here. Courts are clear that such circumstances *do not* constitute legal prejudice. *See Santa Rosa Mem'l Hosp.*, 2017 WL 1488263, at *1 ("Plain legal prejudice does not result merely because a dispute remains unresolved [or because] there is a threat of future litigation."). In any event, both the *Bivens* and FTCA claims were brought and tried concurrently here—thus eliminating any alleged prejudice associated with bringing the FTCA claims to trial (e.g., costs, fees, or delay). In other words, if this Court grants Mr. Jerra's motion, the government faces no prejudice at all—legal or otherwise.

## C. The Court Should Enter Final Judgment On The *Bivens* Verdict.

Regardless of whether this Court grants Mr. Jerra's request to withdraw or voluntarily dismiss the FTCA claims without prejudice, Mr. Jerra is entitled to entry of final judgment on the *Bivens* claims. Fed. R. Civ. P. 58(b)(2) ("[T]he court must promptly approve the form of the judgment, which the clerk must promptly enter, when . . . the jury returns a special verdict or a general verdict with answers to written questions."). Mr. Jerra's *Bivens* claims were tried before a jury in April 2017—several months ago. Entering final judgment is a simple but necessary procedural step, required to effectuate the jury's verdict and to give Mr. Jerra the resolution he justly deserves. Moreover, once the FTCA claims are disposed of, there will be no pending claims against any Defendant in this matter, and therefore, no reason to further delay entry of final judgment. *See* L.R. 58-1 ("[E]ntry of judgments and orders . . . pursuant to [Federal Rules of Civil Procedure] 58 and 79 shall be made at the earliest

practicable time.").[8] Accordingly, Mr. Jerra respectfully requests that this Court enter final judgment on the *Bivens* claims.

## IV. CONCLUSION

For the foregoing reasons, Mr. Jerra respectfully requests that the Court (1) dispose of his FTCA claims by either (a) permitting him to withdraw the FTCA claims from the Second Amended Complaint (Dkt. No. 138), pursuant to Federal Rule of Civil Procedure 15, or (b) dismissing the FTCA claims without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2); and (2) enter judgment on the jury's *Bivens* verdict, pursuant to Federal Rule of Civil Procedure 58(b).

Dated: July 24, 2017

                              NICOLA T. HANNA
                              DANIELLE SERBIN
                              JARED GREENBERG
                              PRIYAH KAUL
                              GIBSON, DUNN & CRUTCHER LLP

                              By: */s/ Danielle Serbin*
                                                  Danielle Serbin

                              Attorneys for Plaintiff JAMES M. JERRA

---

[8] Even if this Court denies Mr. Jerra's motion for voluntary dismissal of the FTCA claims, Mr. Jerra is still entitled to a final judgment on the *Bivens* claims. The *Bivens* claims are legally distinct from the FTCA claims, and an entry of final judgment on those claims would promote efficient resolution of this case. *See* Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.").