# United States District Court
# Central District of California

| | |
|---|---|
| JAMES M. JERRA, | Case No. 2:12-cv-01907-ODW(AGRx) |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS AND ENTER JUDGMENT [296]** |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

## I.    INTRODUCTION

Plaintiff James M. Jerra, who prevailed at trial on his *Bivens* claims against several prison guards, moves to dismiss without prejudice his sole claim against the United States for violating the Federal Tort Claims Act ("FTCA").  (ECF No. 296.) Jerra also moves for entry of judgment on his *Bivens* claims.  (*Id.*)  Defendants oppose dismissal of the FTCA claim without prejudice, arguing: (1) the limitations period has expired on any future FTCA claim and thus the dismissal of Jerra's current FTCA claim is necessarily *with* prejudice; (2) Jerra has not shown "good cause," Fed. R. Civ. P. 16(b)(4), for amending the complaint after the deadline set in the Scheduling

Order;[1] and (3) the *Bivens* Defendants will suffer "plain legal prejudice," *see, e.g.*, *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001), because a dismissal without prejudice will deprive them of the FTCA's "judgment bar" defense. (ECF No. 297.) Defendants also ask that the Court delay entry of judgment on the *Bivens* claims for 60 days to permit counsel to "evaluat[e]" the effect of the Supreme Court's recent decision in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), on those claims. (*Id.*) The Court is not persuaded by Defendants' arguments.

## II.   DISCUSSION

### A.   Statute of Limitations

The Court disagrees with Defendants that expiration of the limitations period on any hypothetical *future* FTCA claim Jerra might assert requires that the dismissal of Jerra's *current* claim be with prejudice. First, the premise of Defendants' argument is incorrect. "Dismissal with prejudice" is not defined solely as "dismissal without ability to refile the action." Rather, "dismissal with prejudice" means that the Court has adjudicated the claim on the merits, *see Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("'With prejudice' is an acceptable form of shorthand for 'an adjudication upon the merits.'" (brackets, citations, and some internal quotation marks omitted)); *see also id.* ("[A]n 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice.'"); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'"); the plaintiff's inability to refile the action is simply a collateral consequence of this adjudication. Here, the Court has not adjudicated the merits of Jerra's FTCA claim. Moreover, the purported bar on Jerra refiling the action (i.e., the statute of limitations) exists wholly independent of this

---

[1] Defendants argue that Jerra can "dismiss" the claim only by filing an amended complaint that eliminates the claim, which in turn requires leave of the Court under Rule 15(a). They further argue that because the deadline in the Scheduling Order for amending the pleadings has long passed, Jerra must (but cannot) show "good cause" for his belated amendment. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

lawsuit or its outcome. As a result, the statute of limitations does not require that the dismissal of Jerra's current FTCA claim be "with prejudice."

Second, the Ninth Circuit has made clear that district courts should grant a motion for voluntary dismissal (presumably without prejudice) unless the defendant can demonstrate "some plain legal prejudice," i.e. "prejudice to some legal interest, some legal claim, [or] some legal argument." *Smith*, 263 F.3d at 975 (internal quotation marks omitted). Defendants do not argue that a voluntary dismissal prejudices their ability to assert a statute of limitations defense against Jerra's potential future FTCA claim. Nor could they, for a dismissal of the current claim "without prejudice" would not cause them to lose an otherwise viable statute of limitations defense. *See Semtek Int'l*, 531 U.S. at 505–06 ("'[D]ismissal without prejudice' [is defined] as '[a] dismissal that does not bar the plaintiff from refiling the lawsuit *within the applicable limitations period*.'" (emphasis added)). This is a further reason why the statute of limitations defense does not warrant denying Jerra's motion.

**B. Good Cause**

The Court concludes that Jerra need not show "good cause" under Rule 16 for not filing his motion earlier. The FTCA claim is the only claim Jerra asserts against the United States in his Second Amended Complaint,[2] and thus he can voluntarily eliminate that claim by moving for dismissal under Rule 41(a)(2) rather than moving for leave to amend the complaint under Rule 15(a). *See Pedrina v. Chun*, 987 F.2d 608, 609 (9th Cir. 1993) (holding that voluntary elimination of all claims against a single party without a court order can be accomplished through dismissal under the similarly-worded Rule 41(a)(1) rather through amendment of the complaint under Rule 15); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) (interpreting *Pedrina* as "allow[ing] the [voluntary] dismissal of *all* claims against *one* defendant, so that a defendant may be dismissed from the entire action");

---

[2] Jerra also does not assert the FTCA claim against any other Defendant.

*accord Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988) (holding that voluntary deletion of one claim from a multi-claim complaint must be accomplished via Rule 15 rather than Rule 41(a)(1), but distinguishing the instance where the plaintiff seeks to effect "a partial dismissal of all claims against one []defendant"). Because Jerra need not move to amend the complaint in order to withdraw the FTCA claim, he need not show "good cause," Fed. R. Civ. P. 16(b)(4), for doing so after any deadline that might have been set in this case.

## C. Judgment Bar

The Court concludes that the FTCA's judgment bar[3] does not preclude dismissal of the claim without prejudice. To date, the Court has neither entered judgment on, nor adjudicated the merits of, the FTCA claim, and thus the judgment bar defense has not yet accrued. *See Will v. Hallock*, 546 U.S. 345, 354 (2006) ("[T]here will be no possibility of a judgment bar . . . so long as a *Bivens* action against officials and a Tort Claims Act against the Government are pending simultaneously . . . ."). Nor will it necessarily accrue if the Court denies Jerra's motion, for the Ninth Circuit has held that a defense judgment on an FTCA claim does not nullify a *Bivens* verdict rendered in the same action. *Kreines v. United States*, 959 F.2d 834, 838 (9th Cir. 1992). The Court fails to see how the *Bivens* Defendants will suffer "plain legal prejudice" through elimination of only a *potential* judgment bar defense.

Defendants appear to argue that Jerra should not be able to evade even the possibility of a judgment bar defense "at this late stage of the case"—i.e., after trial on the merits of all claims and a jury's verdict on the *Bivens* claims. (Opp'n at 8, ECF No. 297.) The timing of Jerra's motion, however, does not change the fact that the loss of only a *potential* defense does not amount to "plain legal prejudice." Moreover, the Ninth Circuit has repeatedly rejected the proposition that the expense and effort of

---

[3] *See* 28 U.S.C. § 2676 (the judgment in an action under the FTCA "shall constitute a complete bar to any action" by the same claimant against the government employee "whose act or omission gave rise to the claim").

defending against a claim warrants denying a motion for voluntary dismissal. *See, e.g.*, *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) ("We have explicitly stated that the expense incurred in defending against a lawsuit does not amount to legal prejudice." (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982))).

## D. Delaying Entry of Judgment

The Court concludes that delaying entry of judgment on the *Bivens* claims is not warranted. *See* Fed. R. Civ. P. 58(b)(2) ("[T]he court must *promptly* approve the form of the judgment, which the clerk must *promptly* enter," after "the jury returns a special verdict." (emphases added)).[4] It is unclear why Defendants require 60 days to "evaluat[e]" *Ziglar*'s effect on this case, especially as the principles announced therein do not appear to turn on factual minutiae that might otherwise require time to fully assess. In any event, Defendants can raise *Ziglar* in a motion to amend the judgment under Rule 59(e), which they may file within 28 days after entry of judgment. *See, e.g.*, *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (holding that a court may grant a motion under Rule 59(e) "if there is an intervening change in controlling law").

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[4] Because the Court has granted Jerra's motion to dismiss the FTCA claim, all claims have been fully resolved. As a result, Rule 58(b), not Rule 54(b), governs the entry of judgment.

### III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Jerra's Motion in full. (ECF No. 296.)  The Court **ORDERS** the parties to submit a stipulated judgment for the Court's review no later than **September 8, 2017**.

**IT IS SO ORDERED.**

August 30, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**